IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THERABODY, INC. <br><br> Plaintiff, <br><br> v. <br><br> DIALECTIC DISTRIBUTION LLC, <br><br> Defendant. | Civil Action No.:  2:23-cv-21995 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

On the brief:

**NORRIS McLAUGHLIN, P.A.**
Michael Townsend (301662019)
400 Crossing Boulevard, 8th Floor
Bridgewater, NJ 08807
Phone: 908-722-0700; Fax: 908-722-0755
Email: mtownsend@norris-law.com

**KOHRMAN JACKSON & KRANTZ LLP**
Alex E. Jones (0095807) (*Pro hac vice pending*)
Jeffrey R. Vaisa (0096010) (*Pro hac vice pending*)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700; Fax: 216-621-6536
Email: aej@kjk.com; jrv@kjk.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iii

BRIEF IN OPPOSITION ...................................................................................... 3

   I.     INTRODUCTION. ................................................................................... 3

   II.    ALLEGED FACTS. ................................................................................. 3

   III.   LAW AND ANALYSIS. ......................................................................... 5

        A.    Legal Standard for a Motion to Dismiss. ..................................... 6

        B.    Therabody sufficiently pled Claims IV and VII for
            Trademark Infringement from Defendant's unauthorized
            distribution and sale of the Products. .......................................... 7

        C.    Therabody sufficiently pled Claim III of its Amended
            Complaint that Defendant's unauthorized advertisements
            of the Products Constituted False Advertising under the
            Lanham Act. ................................................................................. 9

        D.    Therabody sufficiently pled Claim VI of its Amended
            Complaint for trademark dilution under 15 U.S.C. §
            1125(c) due to Defendant's unauthorized advertisements,
            distribution, and sales of the Products that tarnish
            Therabody's brand. ..................................................................... 12

        E.    Therabody sufficiently pled Claims II, V, and VIII of its
            Amended Complaint for Unfair Competition due to
            Defendant's unauthorized advertisement, distribution,
            and sale of the Products as an unauthorized distributor
            and reseller. ............................................................................... 14

        F.    Without a Declaratory Judgment from this Court,
            Therabody's brand name, reputation, business interest,
            and interest in protecting consumers will continue to be
            harmed. ....................................................................................... 16

i

G.      Separate patent litigation has no bearing on the present trademark and unfair competition dispute and therefore the Motion to Stay must be denied. ..........................................17

Conclusion. ...........................................................................................................19

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*ADP, Inc. v. Wise Payments Ltd.*,
   Case No. 21-12457, 2022 U.S. Dist. LEXIS 128596 (D.N.J. July
   19, 2022) .................................................................................................17, 18

*Bambi Baby.com Corp. v. Madonna Ventures, Inc.*,
   Case No. 18-12669, 2019 U.S. Dist. LEXIS 92263 (D.N.J. June 3,
   2019) ...................................................................................................................15

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................6

*Buying for the Home, LLC v. Humble Abode, LLC*,
   459 F. Supp. 2d 310 (D.N.J. 2006).....................................................................14

*Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*,
   Case No. 16-6578, 2017 U.S. Dist. LEXIS 213338 (D.N.J. Dec.
   29, 2017) .............................................................................................................11

*Inst. For Scientific Info. v. Gordon & Breach, Sci. Publrs., Inc.*,
   931 F.2d 1002 (3rd Cir. 1991) ..............................................................................7

*Lorillard Technologies, Inc. v. NJ Ale House, LLC*,
   Case No. 2:14-2044, 2015 U.S. Dist. LEXIS 31920 (D.N.J. Mar.
   13, 2015) ..........................................................................................................6, 9

*Ny Mach., Inc. v. Korean Cleaners Monthly*,
   Case No. 17-cv-12269, 2018 U.S. Dist. LEXIS 92031 (D.N.J. May
   31, 2018) .......................................................................................................10, 14

*Parikh Worldwide Media, LLC v. Sheth*,
   Case No. 2021 U.S. Dist. LEXIS 42598 (D.N.J. Mar. 8, 2021).............12, 13, 16

*Shire City Herbals, Inc. v. Blue*,
   Civ. No. 15-30069, 2015 U.S. Dist. LEXIS 122678, at *10 (D.
   Mass. Sep. 15, 2015)...........................................................................................18

*Snack Joint LLC v. OCM Grp. USA, NH, Inc.*,
   Case No. 2:21-cv-00818, 2021 U.S. Dist. LEXIS 169923 (D.N.J.
   Sep. 8, 2021) ........................................................................................14

*Spectrum Brands v. Arrow Merchs., LLC*,
   Case No. 22-992, 2023 U.S. Dist. LEXIS 21792 (D.N.J. Feb. 7,
   2023) .................................................................................................6, 7

*Wellness Publ'g v. Barefoot*,
   Case No. 2008 U.S. Dist. LEXIS 1514 (D.N.J. Jan. 8, 2008) ...........................15

## STATE CASES

*Hyper Ice, Inc., et. al. v. Therabody, Inc.*,
   Case No. 1:24-cv-00004 ....................................................................1, 17

## FEDERAL STATUTES

15 U.S.C. § 1114 ..................................................................................5, 7

15 U.S.C. § 1125(a) ...............................................................................14

15 U.S.C. § 1125(a)(1)(B) ........................................................................5

15 U.S.C. § 1125(c) .............................................................................5, 12

28 U.S.C. § 2201(a) ..............................................................................16

Lanham Act ...................................................................7, 9, 10, 12, 14, 15

Lanham Act § 43(a) ..............................................................................14

## STATUTES

N.J. Stat. § 56:4-1..........................................................................5, 7, 9, 10, 14

## RULES

Fed. R. Civ. P. 8 ...........................................................................1, 6, 8, 16

Fed. R. Civ. P. 8(a).................................................................................6

Rule 8(a)(2) ..........................................................................................6

Rule 12(b)(6).......................................................................................6, 7

iv

Plaintiff Therabody, Inc. ("**Plaintiff**" or "**Therabody**") requests this Court deny Defendant Dialectic Distribution, LLC's ("**Dialectic**" or "**Defendant**") Motion to Dismiss (the "**Motion**") Therabody's Amended Complaint (ECF #12) (the "**Amended Complaint**"). Defendant's Motion fails to show any pleading deficiencies in Therabody's well-pled Amended Complaint and thus must be denied.

As such, this Court should find in favor of Therabody and deny Defendant's Motion to Dismiss and Request for Stay because:

- Therabody sufficiently pled each claim within its well-pled Amended Complaint in accordance with Fed. R. Civ. P. 8;

- The patent infringement case giving rise to Defendant's request to stay the proceedings has no bearings on the current litigation; and

- Despite Therabody's efforts to resolve the present issues without court intervention, Defendant has refused to cooperate and will continue to harm Therabody unless there is court intervention.

Respectfully submitted,

NORRIS MCLAUGHLIN, P.A.

*/s/ Michael Townsend*
MICHAEL TOWNSEND (301662019)
400 Crossing Boulevard, 8th Floor
Bridgewater, NJ 08807
Phone: 908-722-0700; Fax: 908-722-0755
Email: mtownsend@norris-law.com

4874-1615-0951, v. 1

KOHRMAN JACKSON & KRANTZ LLP

*/s/ Alex E. Jones*
ALEX E. JONES (0095807)
(*Pro hac vice pending*)
JEFFREY R. VAISA (0096010)
(*Pro hac vice pending*)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700; Fax: 216-621-6536
Email: aej@kjk.com; jrv@kjk.com

*Counsel for Plaintiff*

2

## BRIEF IN OPPOSITION TO MOTION TO DISMISS

### I.    INTRODUCTION.

Therabody initiated this action because Defendant advertises, distributes, and sells Therabody's patented, high-end percussive massage devices (the "***Products***") without authorization. *See* ECF # 10, Amended Compl. at ¶ 1. Defendant is harming consumers and Therabody's business relationships, deceiving, and misleading the consuming public, and violating Therabody's rights in its proprietary intellectual property. *Id.* at ¶ 2. Defendant's conduct gave rise to multiple causes of action as sufficiently pled in the Amended Complaint. The Motion attempts to dismiss those claims through baseless assertions and unfounded claims, which are not supported by law and which ignore the plain allegations set forth in the Amended Complaint.

### II.   ALLEGED FACTS.

Plaintiff has built its brand on the design, manufacture, and sale of high-end percussive massage devices, wellness products, and accessories under, *inter alia,* the THERAGUN® and THERABODY® brand. *See* Amended Compl. at ¶¶ 12-13. Since at least 2015, Plaintiff has advertised and sold its Products under the THERAGUN® brand and developed numerous other product lines and acquired numerous trademarks validly registered with the United States Patent and Trademark Office (such trademarks as identified on Exhibit A of the Amended Complaint, the "***Trademarks***"). *Id.* at ¶ 16. Therabody has expended significant time and resources to develop, protect, and market its brand. *Id.* at ¶ 17. Therabody's advertising efforts

3

have exploded the Therabody brand and made its Products a household name among the consuming public. *Id.* at ¶¶ 15-33.

With the success and wide-spread recognition of the Therabody brand and Products, Therabody relies on a select network of authorized resellers (each, an "***Authorized Reseller***" and collectively, "***Authorized Resellers***") to resell the Products in conformity with Therabody's brand and values. *Id.* at ¶¶ 20-33. Only Authorized Resellers can offer Therabody's product warranty, and Authorized Resellers must comply with Therabody's strict quality controls related to the storage, packaging and sale of Products. *Id.* at ¶¶ 43-45, 67-74. By distributing the Products exclusively through Authorized Resellers, Therabody protects consumers, ensures the superiority of its products through quality controls, emphasizes consumer satisfaction through customer service, and provides consumers with an industry-leading warranty on the Products. *See id.*

As more fully set forth in the Amended Complaint, since at least August 31, 2023, Therabody became aware that Defendant was advertising, distributing, and selling Therabody's Products without Therabody's consent or authorization and in violation of Therabody's rights in its intellectual property. *Id.* at ¶ 92. Therabody, under confidentiality obligations, learned of Defendant's sales from a separate unauthorized reseller, which sales will be further confirmed and elucidated in discovery. On August 31, 2023 and September 20, 2023, Therabody sent letters

informing Defendant that it was, *inter alia*, selling the Products without authorization and in violation of its intellectual property rights (the "***Letters***"). *Id.* at ¶¶ 112-113. With the Letters, Therabody put Defendant on actual notice of its claims and requested that Defendant immediately cease distributing and selling the Products. *Id.* To date, Defendant has refused to cease selling the Products and continues to violate Therabody's rights in its intellectual property. *Id.* at ¶¶ 116-117.

As a result, Therabody initiated this action against Defendant on November 6, 2023, and requested injunctive relief and damages on its claims for: (i) declaratory judgment; (ii) unfair competition (common law); (iii) false advertising (15 U.S.C. § 1125(a)(1)(B)); (iv) trademark infringement (15 U.S.C. § 1114); (v) unfair competition (15 U.S.C. § 1125(a)(1)(B))**;** (vi) trademark dilution (15 U.S.C. § 1125(c)); (vii) trademark infringement (N.J. Stat. § 56:4-1); and (viii) unfair competition (N.J. Stat. § 56:4-1).

Defendant then filed the Motion, requesting dismissal of these claims. However, as set forth herein, each of Therabody's claims are sufficiently pled, thus requiring the Motion to be denied.

## III.   LAW AND ANALYSIS.

Therabody sufficiently pled all elements and factual allegations to support each claim in its Amended Complaint as required under Fed. R. Civ. P. 8's liberal notice pleading standard. As such, this Court should deny the Motion.

4874-1615-0951, v. 1

### A. <u>Legal Standard for a Motion to Dismiss.</u>

"For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff." *Lorillard Technologies, Inc. v. NJ Ale House, LLC*, Case No. 2:14-2044, 2015 U.S. Dist. LEXIS 31920, at *11 (D.N.J. Mar. 13, 2015). "The Federal Rule of Procedure 8(a) does not require that a complaint contain detailed factual allegations. *Id*. Rule 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Rule 12(b)(6). *Spectrum Brands v. Arrow Merchs., LLC*, Case No. 22-992, 2023 U.S. Dist. LEXIS 21792, at *7 (D.N.J. Feb. 7, 2023). "First, the court must take note of the elements a plaintiff must plead to state a claim." *Id*. "Second, the court must accept as true all of plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to plaintiff." *Id*. "Finally, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Id*.

"A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. On a Rule 12(b)(6)

6

motion, the "defendant bears the burden of showing that no claim has been presented." *Id*.

**B.      Therabody sufficiently pled Claims IV and VII for Trademark Infringement from Defendant's unauthorized distribution and sale of the Products.**

Therabody sufficiently pled Claim IV for Trademark Infringement under 15 U.S.C. § 1114 and Claim VII for Trademark Infringement under N.J. Stat. § 56:4-1.

**1.      Therabody sufficiently pled Claim IV for Federal Trademark Infringement in its Amended Complaint.**

Therabody sufficiently pled Claim IV of its Amended Complaint for trademark infringement under the Lanham Act. "To set forth a claim for trademark infringement under the Lanham Act, a plaintiff must adequately allege that "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." *Spectrum Brands*, 2023 U.S. Dist. LEXIS 21792, at *7-8.

The Third Circuit only requires a notice pleading standard for Therabody's claims. *See Inst. For Scientific Info. v. Gordon & Breach, Sci. Publrs., Inc.*, 931 F.2d 1002, 1008 (3rd Cir. 1991) (stating the Third Circuit follows the notice pleading standard which requires allegations that, if proved, would support each element of trademark infringement.) As set forth in the Amended Complaint and reiterated herein, Therabody more than sufficiently alleged each element of trademark

7

infringement in accordance with the liberal pleading standard provided under Rule 8, and Therabody has certainly alleged more than "the Defendants harmed me" as Defendant contends. *See* the Motion, P. 7.

As provided in the Amended Complaint, Therabody has a valid and legally protectable right in its Trademarks. *See* Amended Compl. at ¶¶ 15-16, 68, 92, 112, 114-115, 119, 122-124, 128-130, 146, 150-152, 170-172, 199-201, 224-226, 238-240, 267-269. In multiple instances, Therabody properly alleged Defendant's unlawful use of the Trademarks in commerce. *Id.* at ¶¶ 90, 93, 127-148, 153-154, 198-222, 226, 266-290. Therabody sufficiently pled that such use causes consumer confusion and harms Therabody's brand and reputation. *Id.* at ¶¶ 77, 162, 189-191. Products sold by Defendant do not come with Therabody's warranty, nor are they handled with the requisite quality controls, rendering them materially different than Products sold by Therabody or its Authorized resellers. Accordingly, Therabody sufficiently pled trademark infringement.

Defendant premises its Motion on the assertion that Therabody failed to allege Defendant offered, distributed, possessed, sold, or advertised any goods or services bearing Plaintiff's mark. However, this overlooks the plain allegations stated in the Amended Complaint. *See* the Motion, P. 7. Therabody clearly alleged "Since at least August 31, 2023, Plaintiff has been aware of Defendant's distribution and sale of materially different Products, which infringe on Plaintiff's Trademarks and tarnish

8

its brand." *See* Amended Compl. at ¶92. Therabody further provides "Therabody understands Defendant's unauthorized distribution and sale includes deceptive marketing and advertisement practices in violation of Therabody's warranty policy and quality controls." *Id*. at ¶¶ 92-111; 169-197. Not only does Defendant miss or ignore these allegations in its Motion, but more tellingly, nowhere in the Motion does Defendant ever deny that it sold the Products.

Therabody sufficiency pled trademark infringement, and Defendant's core argument relies on disregarding plainly stated allegations. Accordingly, the Court should deny the Motion as it relates to Claim IV.

**2.      Therabody sufficiently pled Claim VII in its Amended Complaint for Trademark Infringement under New Jersey § 56:4-1.**

The "elements for a claim for trademark infringement under the Lanham Act are the same as […] claims of trademark infringement under New Jersey statutory and common law," and "the allegedly violated federal and state statutes are measured by the same standards." *Lorillard Technologies, Inc.*, 2015 U.S. Dist. LEXIS 31920, at *12. Since Therabody sufficiently pled trademark infringement under the Lanham Act, then Therabody has also sufficiently pled trademark infringement under New Jersey § 56:4-1. Accordingly, the Court should deny the Motion as it relates to Claim VII.

**C.      Therabody sufficiently pled Claim III of its Amended Complaint that Defendant's unauthorized advertisements of the Products**

9

**Constituted False Advertising under the Lanham Act.**

Therabody's Amended Complaint sufficiently alleged Defendant's harmful and deceptive conduct to support Claim III of its Amended Complaint for false advertising. "To establish false advertising under the Lanham Act, Plaintiff must allege "1) that the defendant has made false or misleading statements as to his own product [or another's]; 2) that there is actual deception or at least a tendency to deceive a substantial portion of the intended audience; 3) that the deception is material in that it is likely to influence purchasing decisions; 4) that the advertised goods traveled in interstate commerce; and 5) that there is a likelihood of injury to the plaintiff in terms of declining sales, loss of good will, etc." *Ny Mach., Inc. v. Korean Cleaners Monthly*, Case No. 17-cv-12269, 2018 U.S. Dist. LEXIS 92031, at *5 (D.N.J. May 31, 2018).

Therabody clearly satisfied each element of its claim for false advertising. Therabody stated Defendant made false and misleading statements about the Products by implying or suggesting that such Products come with Therabody's warranty when they do not. *See* Amended Compl. at ¶¶ 92, 106-108; 155-159. Therabody stated Defendant's unauthorized advertisement, distribution and sale is material and constitutes actual deception to the consuming public regarding the quality and nature of the Product consumers will receive; specifically, as it relates to the lack of warranty on Products sold by Defendant. *Id.* at ¶¶ 106-109, 161-168. This

10

deception is likely to induce customers into purchasing the Product. *Id.* at ¶ 163. Therabody further shows the Products travel through interstate commerce. *See Id.* at at ¶¶ 93, 154; *but see Industria De Alimentos Zenu S.A.S. v. Latinfood U.S. Corp.*, Case No. 16-6578, 2017 U.S. Dist. LEXIS 213338, at *30 (D.N.J. Dec. 29, 2017) (finding the pleading stage does not require the plaintiff to plead use of the marks in the stream of U.S. commerce to establish the false advertising claim.) Finally, Therabody sufficiently pleads a likelihood of injury results because consumers believe the Product they are purchasing comes with Therabody's warranty when it does not, which results in a loss of good will and brand value. *See* Amended Compl. at ¶¶ 15-33, 99, 109, 153-168.

Therabody has diligently maintained its brand and reputation, and Defendant's advertisements of the Products are deceptive and have caused and will continue to cause harm to Therabody.  Therabody has sufficiently pled each element of false advertising. As such, this Court should deny the Motion as it relates to Claim III.

**D.** **Therabody sufficiently pled Claim VI of its Amended Complaint for trademark dilution under 15 U.S.C. § 1125(c) due to Defendant's unauthorized advertisements, distribution, and sales of the Products that tarnish Therabody's brand.**

Therabody sufficiently pled Claim VI of its Amended Complaint for trademark dilution under 15 U.S.C. § 1125(c). "To establish a prima facie claim under the federal dilution statute, a plaintiff must plead the following: (1) he is the owner of a mark that qualified as famous; (2) the defendant is making commercial use in interstate commerce of a mark; (3) defendant's use began after the plaintiff's mark became famous; and (4) defendant's use causes dilution by lessening the capacity of the plaintiff's mark to identify and distinguish goods." *Parikh Worldwide Media, LLC v. Sheth*, Case No. 2021 U.S. Dist. LEXIS 42598, at *11 (D.N.J. Mar. 8, 2021). "The Lanham Act provides that 'the owner of a famous mark that is distinctive . . . shall be entitled to an injunction against another person who . . . commences use of a mark or trade name in commerce that is likely to cause dilution.'" 15 U.S.C. § 1125(c).

A mark is "famous" if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." *Id.* In *Parikh Worldwide Media, LLC*, the district court found the plaintiffs sufficiently pled their marks were "famous" because they pled they made substantial investments in the trademarks, used and promoted the marks in connection with their business, registered their marks, operated at a national level

12

with those marks, and used the marks through promotional materials such as social media and marketing tools. *Id*. at *12-13.

Likewise, Therabody has invested substantially in the Trademarks, including through internet advertisements and paid-search campaigns, use of social media platforms, partnerships with ambassadors, athletes and influencers, product placements and promotions on television and other media outlets, as well as traditional advertising. *See* Amended Compl. at ¶¶ 22-27.  These efforts have a global reach, have led to widespread recognition of the Therabody brand, and have made the Trademarks famous. *Id.* ¶ 230.

Further, Therabody pled that Defendant used the Trademarks in interstate commerce. *Id.* at ¶¶ 93, 145, 153, 226, 227, 231-236. Defendant's infringing conduct has occurred since at least August of 2023, well after Therabody's mark became famous. *Id.* at ¶16. Defendant is selling materially different Products, which has and will continue to tarnish and dilute the Trademarks, as well as Therabody's brand and reputation. *Id.* at ¶¶ 232-233.

Accordingly, Therabody has sufficiently pled each element of trademark dilution. As such, the Court should deny the Motion as it relates to Claim VI.

**E.** **Therabody sufficiently pled Claims II, V, and VIII of its Amended Complaint for Unfair Competition due to Defendant's unauthorized advertisement, distribution, and sale of the Products as an unauthorized distributor and reseller.**

Therabody's Amended Complaint exceeds the pleading standards for its unfair competition claims under common law (Claim II), 15 U.S.C. § 1125(a) (Claim V), and N.J. Stat. § 56:4-1 (Claim VII). Notably, this District has uniformly stated "[e]xtant authority explains that unfair competition claims under New Jersey statutory and common law mirror unfair competition claims under § 43(a) of the Lanham Act." *Ny Mach., Inc*., 2018 U.S. Dist. LEXIS 92031, at *9-10; see also *Buying for the Home, LLC v. Humble Abode, LLC*, 459 F. Supp. 2d 310, 317-18 (D.N.J. 2006) ("Because the elements of a claim of unfair competition under the Lanham Act are the same as for claims of unfair competition . . . under New Jersey statutory and common law, the Court's analysis . . . extends to Plaintiff's state law claims as well."). Accordingly and in conformity with the Third Circuit, by sufficiently pleading unfair competition under the Lanham Act, Therabody's unfair competition claims under New Jersey state law and common law were sufficiently plead as well.[1]

By meeting the pleading requirements for trademark infringement, Therabody satisfies the pleading requirements for its unfair competition claims. *See Snack Joint*

---

[1] Despite Defendant's failure to argue specifically how Therabody's well-pled complaint fails to properly allege unfair competition, Therabody will address the issue to affirm its federal, state, and common law unfair competition claims established in the Amended Complaint.

14

*LLC v. OCM Grp. USA, NH, Inc.*, Case No. 2:21-cv-00818, 2021 U.S. Dist. LEXIS 169923, at *37 (D.N.J. Sep. 8, 2021) (stating claims for trademark infringement are the same elements to prove unfair competition in which the Court need not conduct a separate inquiry.) "To properly allege unfair competition, (1) the mark at issue is valid and legally protectable; (2) the mark is owned by the plaintiff; (3) the defendant used the mark in commerce on or in connection with any goods or services or container for goods; and (4) this 'use' was in a manner likely to create confusion concerning the origin of the goods or services." *Bambi Baby.com Corp. v. Madonna Ventures, Inc.*, Case No. 18-12669, 2019 U.S. Dist. LEXIS 92263, at *21 (D.N.J. June 3, 2019); *see also Wellness Publ'g v. Barefoot*, Case No. 2008 U.S. Dist. LEXIS 1514, at *59 (D.N.J. Jan. 8, 2008) (stating unfair competition is not rigid, but elastic and evolving so as to protect consumers and prevent competitors from capitalizing off the good will of another or to pirate the trade of his competitor through unfair or deceptive practices.)

As stated in Section (B) above, Plaintiff has sufficiently pled a claim for trademark infringement under the Lanham Act, and more than sufficiently demonstrated Defendant's unfair and deceptive practices through its unauthorized advertisement and sale of Therabody's Products. Accordingly, Therabody's well-pled Amended Complaint establishes each element of its unfair competition claims. As such, this Court should deny the Motion as it relates to Claims II, V, and VIII.

**F.**     **<u>Without a Declaratory Judgment from this Court, Therabody's brand name, reputation, business interest, and interest in protecting consumers will continue to be harmed.</u>**

Therabody sufficiently pled each claim in the Amended Complaint as required under Rule 8. Declaratory Judgments are appropriate where an actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. §2201(a); *Parikh Worldwide Media, LLC*, Case No. 20-01185, 2021 U.S. Dist. LEXIS 42598, at *14 (D.N.J. Mar. 8, 2021). As provided herein and within Therabody's Amended Complaint, each claim is sufficiently pled for the liberal pleading standard required under Rule 8. Further, a declaration stating Defendant violated Therabody's rights when Defendant used the Trademarks without authorization and requiring Defendant to immediately cease and desist use of the Trademarks are appropriate requests under the declaratory judgment. *Id*.

Defendant fails to provide a specific basis for denying Therabody's request for declaratory relief outside of misconstruing the details of Therabody's Amended Complaint. As provided herein, Therabody properly requested declaratory relief for Defendant's unauthorized advertisement, distribution, and sale of Therabody's Products. Accordingly, this Court should find in favor of Therabody, and deny the Motion.

### G.   Separate patent litigation has no bearing on the present trademark and unfair competition dispute and therefore the Motion to Stay must be denied.

*The Hyper Ice, Inc., et. al. v. Therabody, Inc.*, Case No. 1:24-cv-00004 in the United States District Court of Delaware (the "***Patent Case***") has no bearing on the current litigation and therefore no stay should be granted. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *ADP, Inc. v. Wise Payments Ltd.*, Case No. 21-12457, 2022 U.S. Dist. LEXIS 128596, at *7 (D.N.J. July 19, 2022). "Accordingly, in assessing whether a stay of proceedings is warranted, courts weigh a number of factors, including: "(1) judicial efficiency as measured by the stage of the civil litigation and the stay's potential to simplify the issues; (2) harm or unfair prejudice to the non-moving party that will result from the grant of a stay; and (3) the hardship and inequity to the moving party if the stay is denied.'" *Id.* at *8. In *ADP, Inc.*, the district court found against staying the proceedings where the moving party requesting a stay failed to meet its burden that a stay would promote judicial economy or simplify the issues. *Id.* at *8-11.

The Patent Case will not resolve any of the issues presented in the current litigation and will not promote any judicial economy, and Defendant cites to no authority to suggest otherwise.  Contrary to Defendant's assertion, the Patent Case

does not, in any manner, call into question Plaintiff's ownership of the Trademarks nor does it even make any allegations with respect thereto. Rather, Therabody's trademark rights will continue to be violated until this matter is resolved. Regardless of the outcome of the Patent Case, this Court will ultimately be required to fully address the issues presented herein. A stay of these proceedings would not promote judicial economy, instead, it would create unnecessary delays. As such, a stay would be inappropriate.

As to the second element, this District has found "infringement claims involve some urgency, as ongoing business conduct is likely to be involved and harm, possibly irreparable, may be accruing." Id. at *12 (quoting *Shire City Herbals, Inc. v. Blue*, Civ. No. 15-30069, 2015 U.S. Dist. LEXIS 122678, at *10 (D. Mass. Sep. 15, 2015). As such, delaying the proceedings, without a strong argument justifying such delay, will substantially prejudice and harm Therabody. *Id.*

Finally, there will not be any hardship or inequity to Defendant if a stay is denied. *Id.* Regardless of the outcome of the Patent Case, the present litigation will still proceed before this Court on every issue identified by Plaintiff. Thus, Defendant fails to establish any hardship or inequity by continuing this litigation.

Defendant failed to properly identify the basis for requesting this Court stay the present proceedings. As such, this Court should deny Defendant's Motion to stay the present litigation.

## CONCLUSION

Therabody sufficiently pled each and every claim set forth in its Amended Complaint. Therabody far exceeds the notice pleading standard required by this Court. Further, the Motion for Stay must be denied because a separate patent lawsuit has no bearings on the present litigation. As such, this Court should deny Defendant's Motion to Dismiss and deny Defendant's request to stay the proceedings.

Respectfully submitted,

NORRIS MCLAUGHLIN, P.A.

*/s/ Michael Townsend*
MICHAEL TOWNSEND (301662019)
400 Crossing Boulevard, 8th Floor
Bridgewater, NJ 08807
Phone: 908-722-0700; Fax: 908-722-0755
Email: mtownsend@norris-law.com

KOHRMAN JACKSON & KRANTZ LLP

*/s/ Alex E. Jones*
ALEX E. JONES (0095807)
Jeffrey R. Vaisa (0096010)
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
Phone: 216-696-8700; Fax: 216-621-6536
Email: aej@kjk.com; jrv@kjk.com

*Counsel for Plaintiff*

19