# Rubenstein Business Law

100 Horizon Center Boulevard
Hamilton, NJ 08691
Ph: (609) 528-5673
Fax: (609) 528-5601
Email: Drubenstein@Rubensteinbusinesslaw.com
Website: www.RubensteinBusinessLaw.com


January 8, 2026

Hon. Leda Dunn Wettre
United States District Court, District of New Jersey
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re:** ***Therabody, Inc. v. Dialectic Distribution, LLC***
**Docket:** ***2:23-cv-21995***

Dear Judge Wettre,

We represent Defendant Dialectic Distribution LLC ("Dialectic"). We submit this letter in response to Plaintiff Therabody, Inc.'s January 8, 2026 status letter regarding settlement discussions.

At the outset, Dialectic has negotiated in good faith and has made every reasonable effort to finalize the settlement. To that end, Dialectic has now executed and returned two different full settlement agreements to Therabody—first in October 2025 and again in January 2026. Each time, Therabody responded not with counter-signature, but with new demands and revisions, effectively moving the goalposts and delaying resolution.

Therabody's January 8 letter characterizes the holdup as stemming from "material disputes" and suggests that Dialectic "rejected" certain drafts. Respectfully, that portrayal is incomplete and misleading. The actual sequence is as follows:

1. August–September 2025: The parties exchanged draft agreements and negotiated terms.
2. October 2025: Dialectic executed and delivered a revised agreement, reflecting negotiated business terms.
3. Instead of counter-signing, Therabody introduced additional new substantive revisions, including terms never discussed in prior drafts.
4. January 5, 2026: Therabody transmitted yet another new "proposed version" containing further newly-inserted requirements.
5. January 7, 2026: Dialectic executed and returned a second agreement—this time reverting to terms previously negotiated in September 2025.
6. Therabody again refused to counter-sign and asserted that the "wrong version" was signed.

In short, **Dialectic has twice produced signed settlement agreements** consistent with the negotiated terms. Therabody has never once counter-signed, and instead has repeatedly added new terms after Dialectic's execution—an approach that is inconsistent with good-faith settlement practices.

Dialectic is concerned that Therabody's ongoing introduction of new terms—months after principal business terms were agreed—reflects an intent to delay and leverage litigation posture rather than finalize settlement. Dialectic stands ready to finalize the agreement immediately on the terms previously negotiated and reflected in the versions Dialectic has already executed.

For these reasons, Dialectic respectfully requests that, at the January 15 conference, the Court:

1. Direct Therabody to identify all terms it claims remain open and when they were first raised, and
2. Establish a short deadline for Therabody to either counter-sign an agreed written agreement or confirm on the record that it will not do so.

Dialectic believes these steps will avoid further moving targets and will allow the parties either to finalize settlement promptly or return the matter to the litigation track without additional delay.

We thank the Court for its attention and look forward to addressing these issues at the January 15 conference.

Respectfully submitted,

/s/ David Rubenstein

DAVID RUBENSTEIN, ESQ.
RUBENSTEIN BUSINESS LAW
100 Horizon Center Boulevard
Hamilton, NJ 08691
Phone: 609-528-5673
drubenstein@RubensteinBusinessLaw.com
Counsel for Defendant